IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-02012-M

| | |
|---|---|
| MARTINEZ ORLANDIS BLACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| ADULT CORRECTIONS, ) | |
| ) | |
| Respondent. ) | |

On January 16, 2024, Martinez Orlandis Black ("petitioner"), a state inmate, filed *pro se* a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [D.E. 1]. The court now conducts its initial review under § 2243 and, for the reasons discussed below, dismisses the action without prejudice.

Petitioner's Petition:

Petitioner challenges the way his sentence is being carried out for his May 6, 2010, Anson County convictions. Pet. [D.E. 1] at 1, 5–6; N.C. Dep't of Adult Correction, Offender Pub. Info. https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0032357&searchOffenderId=0032357&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last visited Apr. 10, 2024).

As his first ground for relief, petitioner argues: "My judgment is vague which has lead [sic] to my sentence not being carried out properly by NC law." Pet. [D.E. 1] at 6. Petitioner contends that the judgment for this sentence was "not to commence until [he] completed 'any sentence' [he] already had," but the Department of Adult Corrections "has [his] sentence starting after his last state sentence," not after his pending federal sentence. Id. As his second ground for relief, petitioner asserts he was not given jail credit when he "was in custody and under bond

for these charges with warrants etc.," and he "had at least five to six months if not more of jail credit that was not given to [him] to be credited to this sentence." Id.

For relief, petitioner seeks to "have [his] sentence correctly carried out[,] as the law of North Carolina calls for[,] which is for this sentence not to start until 'after' [his] federal sentence[,] and to be given [his] credit for time [he] spent pre-trial [sic]." Id. at 7.

Discussion:

A district court may grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c). State inmates, however, generally cannot challenge their convictions or sentence, or the execution of the same, pursuant to § 2241 because the more specific provisions in 28 U.S.C. § 2254 apply to these claims. See In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) ("[W]e conclude that, regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254 . . . even if they challenge the execution of a state sentence." (quotations omitted)). Thus, the court considers this petition under § 2254. See id. at 778–79 (finding state inmate's habeas petition as to denial of sentencing credits must be brought under § 2254). The Antiterrorism and Effective Death Penalty Act ("AEDPA"), however, imposes restrictions on state inmates seeking federal habeas corpus relief, including limitations on "second or successive" petitions. See 28 U.S.C. §§ 2244(b), 2254(b)(1).

The U.S. District Court for the Western District of North Carolina dismissed petitioner's prior § 2254 petition collaterally attacking these Anson County convictions. See Black v. State of North Carolina, No. 3:12-cv-00286-RJC (W.D.N.C. Feb. 13, 2013), Order [D.E. 12] (noting petitioner did not directly appeal the convictions and dismissing the § 2254 petition as time-barred

under AEDPA). Petitioner's instant challenge to the execution of his sentence is "second or successive" because his "claims were available to the petitioner at the time of a prior petition's filing." In re Wright, 826 F.3d at 784 (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam) (finding a petition "second or successive" when it challenges "the same custody imposed by the same judgment of a state court"). Before filing a "second or successive" § 2254 petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Magwood v. Patterson, 561 U.S. 320, 331 (2010).

Here, because petitioner did not obtain the requisite pre-filing authorization from the United States Court of Appeals for the Fourth Circuit before filing this action, the court lacks jurisdiction to consider the instant petition. 28 U.S.C. § 2244(b)(3)(A); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); see Prentice v. Norvell, No. 5:21-HC-2081-FL, 2022 WL 4587842, at *3 (E.D.N.C. Sept. 29, 2022).

Alternatively, the court dismisses the instant petition without prejudice due to petitioner's failure to exhaust. Absent a valid excuse, a state prisoner must exhaust all available state-court remedies before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b); Woodford v. Ngo, 548 U.S. 81, 92 (2006); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (noting exhaustion doctrine is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

North Carolina prisoners may satisfy this exhaustion requirement either by 1) directly appealing their conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or 2) filing a Motion for Appropriate Relief and

3

then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-31, 15A-1415, 15A-1422. Petitioner has the burden of demonstrating exhaustion. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994), cert. denied, 513 U.S. 1047 (1994).

Here, petitioner asserts he appealed to the North Carolina Combined Records Department on October 9, 2023, but received no response. See Pet. [D.E. 1] at 2. Petitioner further asserts that, on October 16, 2023, he filed in the Anson County Superior Court a motion for relief, writ of mandamus, and petition for jail credit, but again received no response. See id. at 5.

In short, it is clear from the face of the petition that petitioner failed to fully exhaust his state-court habeas remedies before filing this action, and the court discerns no valid excuse for this failure. See 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 845; Mallory, 27 F.3d at 994.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## Conclusion:

For the reasons discussed above, the court: DISMISSES WITHOUT PREJUDICE this habeas petition either for lack of jurisdiction or because petitioner failed to fully exhaust his available state-court remedies; DENIES a certificate of appealability; DENIES AS MOOT the motion for leave to proceed in forma pauperis [D.E. 2]; and DIRECTS the clerk to close the case.

SO ORDERED this 10th day of April, 2024.

RICHARD E. MYERS II
Chief United States District Judge